STATE, PATERSON AVENUE AND SEACAUCUS ROAD COM-
    MISSIONERS, RELATORS, PLAINTIFFS IN ERROR, v.
    BOARD OF CHOSEN FREEHOLDERS OF HUDSON COUN-
    TY, DEFENDANTS IN ERROR.

A statute passed after certain road improvements were completed by a
    special commission, authorized the commissioners who were to assess
    the expenses thereof, to determine what amount of such expenses
    should be paid by the county of Hudson, and directed that the sum so
    determined should be raised by general taxation, as other county taxes
    are raised, and, when collected, should be paid over to the treasurer
    of the commission. *Held,* that the sum so determined was not a gen-
    eral debt of the county, and that the county officers were not bound to
    raise by tax or to pay any interest on said sum.

On error to the Supreme Court.   For opinion of Supreme
Court, see 15 *Vroom* 571.

For the plaintiffs in error, *Flavel McGee.*

For the defendants in error, *J. H. Lippincott.*

The opinion of the court was delivered by

DIXON, J.   Under an act passed in 1869, (*Pamph. L., p.*
1080,) Paterson avenue and the Seacaucus road in Hudson
county were improved by three commissioners specially desig-
nated for that purpose.   The mode provided in the act for
meeting the expenses was an assessment upon the property
benefited.   In supplements to this act the county of Hudson

was authorized to advance the means required for the improvement, and to bind itself to pay the obligations issued by the commissioners, but, so far as appears or is claimed, the county never chose to exercise the powers thus conferred. In 1875, after the improvements were made, the legislature enacted (*Pamph. L.*, *p.* 579,) that if the commissioners who were to assess the expenses of the improvement should be of opinion that any part of the expenses ought to be assessed upon and paid by the county of Hudson, it should be lawful for them to determine the amount which should be paid by the county, and said sum so determined, was then directed to be raised by general taxation as other county taxes are raised, and, when collected, to be paid over to the treasurer authorized to receive the moneys arising from said improvement, to be by him applied according to law. Under this statute, the assessment commissioners, in May, 1876, reported that they had determined that the amount so to be paid by Hudson county was $58,861.11.

On proceedings instituted in February, 1882, the Supreme Court in December, 1882, awarded a *mandamus*, directing the board of chosen freeholders of Hudson county to insert this sum in the tax levy for 1883, but refused to order that interest on the sum should also be inserted. This refusal is the basis of the present writ of error.

The plaintiffs in error contend that this sum so assessed against the county became at once a debt of the county, and, as such, necessarily bore interest.

But it must be remembered that the whole obligation of the county springs from this act of 1875, and an examination of the terms of that statute will not discover a purpose to make the sum a county debt. The general expressions indicative of such a purpose, used in declaring the power of the commissioners " to determine the sum which *shall be paid by the county*," are modified in the clause which more particularly points out the duty of payment; "the sum so determined shall be raised by general taxation, and *when collected*, shall be paid over to the treasurer." There is here clearly mani-

fested an intention to make the duty of payment dependent upon the collection of the tax to be levied. No debt, in the general sense of the term, is created; and hence, the consequences incident to the non-payment of debts, cannot be inferred.

Whether, therefore, the county is bound to pay interest, depends directly upon the intention expressed in the act itself; and properly viewed, this statute does not, I think, leave the matter in doubt. The law devolves upon this public corporation duties to which it was not before subject, for the benefit of persons who spent their money before those duties came into existence and without any warranted expectation that they would be created. The rule for the construction of such statutes is thus laid down by Dwarris (*Potter's Dwar. on Stat.* 255,): "Acts of Parliament which impose a duty upon the public, will be critically construed with reference to the particular language in which they are expressed. When there is any ambiguity found, the construction must be in favor of the public; because it is a general rule that where the public are to be charged with a burden, the intention of the legislature to impose that burden must be explicitly and distinctly shown." Justice Cooley, quoting the foregoing extract (*Cooley on Tax.*, 201,) says: "This statement of the general rule expresses the view which it is believed has always prevailed in England. It is also that which has been adopted in the several states. Like views have been frequently expressed by the federal courts." Applying this rule, the claim that the county is chargeable with interest cannot be supported. No such obligation is expressly declared by or necessarily inferable from the language of the act. The sum to be raised by taxation, and, when collected, to be paid, is the amount determined by the commissioners. Nothing is said about any additional imposition for default or delay in payment. Considerable lapse of time was inevitable between the designation of the sum and its being raised, collected and paid, under the act; but the law is silent as to any damages or accretions for that delay, or any other which might arise, either by the

acquiescence of those interested in getting the fund in hand, or by default of the public officers charged with the duty of raising it. The case is similar to, but stronger for the defendants in error than that of *Beals* v. *Supervisors of Amador County*, 28 *Cal.* 449. There the legislature had organized Amador county out of part of the territory of Calaveras county, and had appointed commissioners to ascertain the debt of the latter county and "determine the amount of said indebtedness to be paid by the said county of Amador to the said county of Calaveras." The supervisors of Amador county were required to create a sinking fund " for the payment of said indebtedness of Amador county to Calaveras county," which fund was to consist of special taxes and appropriations from the general funds of the county, and was to continue to be created "until an amount equal to said indebtedness" was set apart. The indebtedness having been ascertained by the commissioners, was not paid in full for several years, and the assignee of Calaveras county demanded interest. But the court denied his claim, saying: "The act itself prescribes the measure of the liability, and the means of discharging it, and furnishes the entire rules by which the rights of the two counties are to be governed.    *    *    *    Only the specific indebtedness found to exist at the time was provided for, and not such indebtedness and any interest that might accrue thereon."

In the statute now before us, the legislature has not even created an indebtedness, and the omission to provide for the payment of interest is unmistakably clear.

The defendants in error are entitled to judgment.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, KNAPP, MAGIE, PARKER, SCUDDER, CLEMENT, COLE, GREEN, KIRK, PATERSON WHITAKER.    13.

*For reversal*—None.